UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
SIXTH DIVISION

Allan Newman and Deborah Newman,
d/b/a Twin Haven Mink Ranch,

Plaintiffs,

vs.

United Vaccines, Inc., a division
of Harlan Sprague Dawley, Inc.,

Defendant.

Case No. 00-257 JRT/RLE

**STIPULATION OF NON-DISCLOSURE**

and

ORDER

Defendant United Vaccines, Inc.("United Vaccines") possesses certain confidential information which may be disclosed to Plaintiffs in this action. United Vaccines and Plaintiffs wish to ensure that any such confidential information shall not be used for any purpose other than this lawsuit and shall not be made public by Plaintiffs, or be otherwise disseminated by Plaintiffs except as set forth in this Protective and Confidentiality Order ("Order"). Plaintiffs represent that they have no wish or intention to use such information for any purpose beyond this action.

Accordingly, the parties agree, subject to the approval of the Court, that the following procedure shall be employed for the protection of United Vaccines' confidential information, pursuant to Rule 26 of the Federal Rules of Civil Procedure:

1. For purposes of this Order, confidential information means any document, writing, paper, tangible thing, transcript of oral testimony or recorded statement of counsel, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the content of any such document, writing, paper, thing, transcript

FILED OCT 05 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

or statement, which United Vaccines designates as "Confidential". By way of example, and not limitation, confidential information may include or be included in documents, papers, manuals, transcripts, answers to interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments which comprise, embody, or summarize matter which United Vaccines considers confidential and desires not to be made public.

2. Whenever United Vaccines produces a document or thing containing information United Vaccines deems to be confidential which it wishes to be subject to this Order, United Vaccines shall mark or designate the document or thing "Confidential". Plaintiffs shall mark any copy made of such document or thing or any abstract, summary or memorandum containing the confidential information "Confidential". Where any document or thing is marked or designated "Confidential" upon the first page thereof, the entire document or thing shall be deemed marked "Confidential".

3. Whenever a deposition taken on behalf of any party hereto involves a disclosure of confidential information of United Vaccines, United Vaccines shall designate the portion of the deposition that is asserted to be confidential as confidential. As soon as United Vaccines makes such designation, the following provisions shall apply:

(a) the portion of the deposition asserted to be confidential shall be taken subject to the provisions of this Order. Such designation shall be made on the record whenever possible, but United Vaccines may designate portions of the transcript of depositions as containing confidential information after transcription as in the case of any other document or tangible thing, provided that written notice of such designation is promptly given to Plaintiffs; and

(b) the originals of the deposition transcripts and all copies thereof shall bear the legend "Confidential" and the original shall at the time of filing with the Court be sealed, identified as being "Confidential" and subject to this Order, and not opened except by further order of this Court.

4. (a) All material which United Vaccines designates "Confidential" in this action shall be maintained in strict confidence by Plaintiffs and used solely in the preparation or trial of this action. Plaintiffs agree that any and every document produced by United Vaccines in this case will NOT be copied, disclosed to or otherwise revealed to any person or entity except attorneys directly involved in the preparation of this case; outside experts who will review some or all of the issues of this case; and the parties or employees of the parties, to the extent they review any of these documents in connection with their analysis of this case. Plaintiffs shall not disclose or permit to be disclosed material which is designated "Confidential" to any persons, including consultants, experts or others retained by Plaintiffs, except insofar as counsel may deem it necessary to consult with or use the services of such persons in order to prepare for or try this case, and then only as set forth below.

(b) It is further agreed that the contents of this Stipulation will be made known to any expert or employee of a party who is requested or authorized to examine any United Vaccines' record produced in this action and that said expert or employee of a party who is requested or authorized to examine any United Vaccines' record produced in this case and that said expert or employee agrees to be bound by the

terms of this Stipulation as a condition to his or her examination of said records, and .

(c) Attorneys for Plaintiffs, by executing this Order, undertake to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

(d) If Plaintiffs intend to disclose to others material which United Vaccines has designated "Confidential" to persons or entities other than those identified above, Plaintiffs shall furnish to counsel for United Vaccines the name of each individual and an identification of the material to be disclosed at least 20 days prior to making the disclosure. If counsel for United Vaccines has not sought a further protective order against such disclosure within 20 days from receipt of such notification, the disclosure may be made, provided, that Plaintiffs shall supply each person receiving the disclosure with a copy of this Order.

5. If material designated "Confidential" is used at any motion or at trial, it shall be submitted under seal for inspection by the Court or jury and returned to the party offering the "Confidential" material at the end of the case, whether by trial, or otherwise. After such return, the provisions of this Order shall continue to cover the "Confidential" material.

6. Immediately after entry of final judgment, settlement, or dismissal in connection with this action, Plaintiffs shall return to United Vaccines all documents and things or transcripts of depositions together with all copies, summaries, and abstracts thereof, which have been designated as "Confidential" pursuant hereto.

7. Nothing in this Order shall be construed to entitle Plaintiffs to obtain any document, thing, or information from United Vaccines.

8. Nothing in this Order shall be deemed to preclude United Vaccines or Plaintiffs from seeking and obtaining additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Order with respect to particular material designated "Confidential" hereunder.

9. This Order or United Vaccines' production of documents, things, or information in this action for inspection, copying, or disclosure to Plaintiffs shall not be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to these or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents which United Vaccines may produce.

Dated: August 15, 2000.

PEMBERTON, SORLIE, RUFER & KERSHNER, P.L.L.P.

H. Morrison Kershner (#55426)
110 North Mill Street
P.O. Box 866
Fergus Falls, MN 56538-0866
(218) 736-5493

Dated: August 11, 2000.

DRAWE & HEISICK

Scott P. Drawe, Atty. No. 148325
Attorney for Defendant United Vaccines, Inc.
7701 France Avenue South, Suite 400
Minneapolis, MN 55435
Phone: (952) 841-2130

**ORDER**

Upon the foregoing Stipulation,

IT IS HEREBY ORDERED that the provisions of this Stipulation shall apply and bind the attorneys, parties and experts involved in the preparation of this case.

Dated this 5th day of October, 2000.

BY THE COURT:

Raymond L. Erickson

Judge of U. S. District Court